SEALED 3:26-mj-00202

DISTRICT OF OREGON, ss:                    AFFIDAVIT OF JOHN MARSHALL

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, John Marshall being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am a Deportation Officer (DO) with the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations (DHS/ICE/ERO) and have been so employed since 2015.  My current assignment is with the Prosecutions Team under the Criminal Apprehension Program in Portland, Oregon.  I am responsible for conducting criminal and administrative investigations into violations of Federal Immigration Law and related statutes.  I have been employed by the Department of Homeland Security (DHS) for over ten years.  I am a graduate of the U.S. Immigration and Customs Enforcement Basic Academy in Brunswick, Georgia where I received training in immigration enforcement, interviewing techniques, arrest procedures, arrest and search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.  I have also completed advanced training at the Field Operations Training Program and the Field Operations Training Program-Prosecutions Module at the Federal Law Enforcement Training Center in Charleston, South Carolina.

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for Roni Geovani SIS-Tomas (aka Rony SIS-Tomas; Rony TOMAS) for having been found in the United States after having previously been arrested and removed from the United States as an alien and having knowingly and unlawfully reentered, without the express consent of the Attorney General of the United States, or their successor, the Secretary for Homeland Security in violation of Title 8, United States Code, Section 1326.  As set forth below, there is probable

Page 1 – Affidavit of John Marshall

cause to believe, and I do believe, that Roni SIS-Tomas illegally reentered the United States following his removal in violation of Title 8, United States Code, Section 1326.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

## Applicable Law

4.      Title 8, United States Code, Section 1326(a) establishes a crime for "any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" who "thereafter enters, attempts to enter, or is at any time found in, the United States, unless [ ] prior to his re-embarkation at a place outside the United States . . ., the Attorney General has expressly consented to such alien's reapplying for admission."

/ / /

/ / /

/ / /

**Page 2 – Affidavit of John Marshall**

**Statement of Probable Cause**

5.        I have reviewed the electronic records for Alien Registration File Number AXXXXXX714 and automated criminal records (FBI: XXX9HJWW, SID: ORXXX2135) relating to SIS-Tomas, and attest to the following:

   (a) SIS-Tomas is an approximately twenty-seven-year-old male, native and citizen of Guatemala, who last entered the United States illegally by crossing the international border on an unknown date and at an unknown location, without first having obtaining consent of the Attorney General of the United States or the U.S. Secretary of Homeland Security.

   (b) SIS-Tomas's Alien Registration File records indicate that he was ordered removed by an immigration judge in Portland, Oregon and then deported from the United States to Guatemala from Mesa, Arizona on or about April 25, 2018.

6.        On July 22, 2022, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by SIS-Tomas due to being stopped and charged with Disorderly Conduct and Criminal Mischief in the Second Degree. On August 29, 2022, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by SIS-Tomas due to being stopped and charged with Burglary in the First Degree, Robbery in the Third Degree, Criminal Mischief in the Second Degree, Disorderly Conduct in the Second Degree, Harassment, and Trespassing. I conducted records checks and found records of prior violations of administrative and criminal law attributed to SIS-Tomas. Further investigation indicated he obtained an Oregon identification card listing a residential address in Springfield, Oregon.

 **Page 3 – Affidavit of John Marshall**

7.      I received a copy of SIS-Tomas's Alien Registration file and conducted a review of his immigration history. Those records indicate that SIS-Tomas's first encounter with Immigration officials happened on February 22, 2016, near Pisinemo, Arizona by US Border Patrol and was served a Notice to Appear. On September 18, 2017, an immigration judge ordered SIS-Tomas removed from the United States to Guatemala.

8.      SIS-Tomas was subsequently removed via afoot from the United States to Guatemala on April 25, 2018, through the Mesa, Arizona via flight, pursuant to a lawful order of removal.

9.      In total, my review of the Alien Registration file for SIS-Tomas confirmed he had been formally removed from the United States to Guatemala on four occasions: April 25, 2018, March 13, 2019, September 26, 2019, and August 10, 2020. During my electronic queries of electronic records of the United States Department of Homeland Security (DHS) and my physical review of the copy of SIS-Tomas's Alien Registration file, I did not locate any indication that he ever applied for or obtained the permission of the United States Attorney General or the Secretary of Homeland Security to re-enter the United States, which would be indicated on a valid form I-212, *Application for Permission to Reapply for Admission into the United States After Deportation or Removal*.

10.     Records contained in the A-file and criminal records further show that, on or about May 8, 2019, SIS-Tomas was convicted in the United States District Court for the Western District of Texas of Title 8, United States Code Section 1325, in case number DR:19-M-04039 and was sentenced to 90 days in the Bureau of Prisons. On or about April 2, 2020, SIS-Tomas was convicted in the United States District Court for the District of Arizona of Title 8, United States Code Section 1326, in case number CR-20-00203 and was sentenced to time already

**Page 4 – Affidavit of John Marshall**

served (106 days) in the Bureau of Prisons. As previously noted, on August 29, 2022, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by SIS-Tomas due to being stopped and charged with Burglary in the First Degree, Robbery in the Third Degree, Criminal Mischief in the Second Degree, Disorderly Conduct in the Second Degree, Harassment, and Trespassing.. I then conducted records checks confirming that SIS-Tomas was present in the United States following his removal. I understand SIS-Tomas was and still is in the custody of the Oregon Department of Corrections (ODOC) with a scheduled release date of July 31, 2026.

## Conclusion

11.     Based on the foregoing, I have probable cause to believe, and I do believe, that Roni Geovani SIS-Tomas was found in the United States after having previously been arrested and removed from the United States as an alien and having knowingly and unlawfully reentered, without the express consent of the Attorney General of the United States, or their successor, the Secretary for Homeland Security, in violation of Title 8, United States Code Section 1326.  I therefore request that the Court issue a criminal complaint and arrest warrant for Roni Geovani SIS-Tomas.

/ / /

/ / /

/ / /

**Page 5 – Affidavit of John Marshall**

12.     Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Andrew Kartchner, who advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*

John Marshall / Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement
Enforcement and Removal Operations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 9:14 a.m. on July 29, 2026.

_____
HONORABLE STACIE F. BECKERMAN
United States Magistrate Judge

**Page 6 – Affidavit of John Marshall**